UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | NO. 2:05-CR-66 PS |
| | ) | |
| | ) | |
| ANGELA DIANE BENNETT and | ) | |
| JOSE JAVIER LOERA, JR. | ) | |

## OPINION AND ORDER

Defendants Jose Javier Loera Jr. and Angela Diane Bennett have filed Motions to Dismiss their indictments because of alleged violations of the Speedy Trial Act.[1] Defendants are correct regarding a five-month delay that should not have been excluded from the speedy trial calculation. Accordingly, Defendants' Motions to Dismiss are granted, albeit without prejudice.

### I.  BACKGROUND

In order to properly evaluate the pending Motions to Dismiss, it is necessary to first review the history of the docket in this case. Defendants were indicted on May 4, 2005 [DE 1]. Their initial appearance before the Court took place on June 22, 2005 [DE 6]. Sixty-one days later, on August 22, 2005, Defendant Loera's counsel filed a Motion to Continue [DE 21] stating that he needed "additional time to review the discovery with his client and to investigate the

---

[1] Defendants also make a passing reference to their right to a speedy trial as guaranteed by the United States Constitution. (Loera Mot. at 1.) This analysis is different than the analysis performed for alleged Speedy Trial Act violations. *See United States v. White*, 443 F.3d 582, 588-591 (7th Cir. 2006), *cert. denied*, 127 S. Ct. 302 (2006) ("The two rights [statutory and constitutional speedy trial rights] are related but distinct, so that a violation of one may be found without a violation of the other."). Defendants do not provide any argument regarding the alleged Constitutional violation; their entire memorandum revolves only around the Speedy Trial Act. Therefore, any claim that the government violated Defendants' constitutional rights to a speedy trial is not before the Court.

possibility of a non-trial disposition." Magistrate Judge Rodovich granted the Motion [DE 22] on September 1, 2005, pursuant to 18 U.S.C. § 3161(h)(8)(A) because failure to do so "would deny the defendant the reasonable assistance of counsel and time necessary for effective preparation for trial." The trial date was then set for November 14, 2005.

On October 26, 2005, Assistant United States Attorney Clarence Butler, Jr. filed a Motion to Continue [DE 25] stating that he would be unable to participate in Defendants' trial on November 14 because he was participating in a two-week trial scheduled for November 7 in the Northern District of Illinois. (The U.S. Attorney's Office for the Northern District of Illinois was recused on the matter, and Butler was appointed to prosecute the case.) He cited to § 3161(h)(8)(A), which permits continuances when the ends of justice served by the continuance outweigh the best interests of the public and Defendants in a speedy trial, and in particular to § 3161(h)(8)(B)(iv), which authorizes continuances to ensure the "continuity of counsel." Neither Defendant objected to the continuance request, and Magistrate Judge Rodovich granted the Motion [DE 27] on October 28, 2005, finding that the period of delay was excludable pursuant to § 3161(h)(8)(A). The trial date was scheduled for January 9, 2006.

On January 5, 2006, Defendant Bennett filed a Motion to Continue [DE 35] the trial, providing reasons for her request, including: (1) there were pending motions regarding discovery; and (2) she needed time to review the potential evidence to determine whether to go to trial. Judge Rodovich granted the Motion [DE 40] on January 17, 2006. The Court cited § 3161(h)(8)(A), stating that the ends of justice served by granting the continuance outweighed the best interest of the public and Defendants in a speedy trial because otherwise Defendant would be denied "the reasonable assistance of counsel and time necessary for effective preparation for

2

trial." The Court also cited to §§ 3161(h)(B)(i) and (iv). The Court scheduled the trial date for January 30, 2006.

On January 25, 2006, Butler filed under seal another Motion to Continue [DE 50]. The Motion cited § 3161(h)(8)(A) (ends of justice outweigh the best interest of the public and defendant in a speedy trial) as grounds for the continuance because discovery in the case impacted another ongoing investigation and time was needed for Defendants to cooperate with the government. The Motion stated that both the "United States of America and the defense respectfully request[] the Court to grant a 120 day continuance of the trial currently set for January 30, 2006 . . . It is the request of both the Government and the Defense that the Court find this request for a continuance is excludable time . . . ." Defendants did not object to the language reflecting that the Motion to Continue was a joint request. Indeed, according to Defendant Loera, "[c]ounsel for defendants agreed not to oppose the Motion for Continuance upon the condition that both defendants be released." (Loera Mem. at 3.) However, based on the Certificate of Service, it is unclear whether Defendants actually received the sealed motion.

The Court granted the Motion to Continue in a sealed Order [DE 51] on January 30, 2006. Judge Rodovich presumably entered the form order provided by the government. That order incorrectly cited to sections from the Speedy trial Act which were plainly inapplicable to the situation – §§ 3161(h)(1)(A) (delay from any proceeding to determine mental competency or physical capacity of defendant) and 3161(h)(3)(A) (delay from absence or unavailability of defendant or essential witness). The trial was then set for June 5, 2006.

On May 31, 2006, the parties decided that they wanted a bench trial instead of a jury trial, and the case was therefore set for a bench trial on June 6, 2006 [DE 55]. The Court held a

3

hearing regarding pre-trial motions [DE 57] on that day.  As a result of matters occurring at that hearing, Defendants abruptly changed course and decided once again to invoke their right to a jury trial [DE 57].  On June 7, 2006, Defendant Loera filed a Motion to Continue [DE 58], stating that the "granting of the continuance would serve the interests of justice by permitting the defendants time to review documents that have been tendered and will be tendered and prepare adequately to confront witnesses at the trial."  The Court granted the Motion [DE 59] on June 19, 2006.  The Court cited § 3161(h)(8)(A), stating that the ends of justice served by granting the continuance outweighed the best interest of the public and Defendants in a speedy trial because otherwise Defendant would be denied "the reasonable assistance of counsel and time necessary for effective preparation for trial."  The Court cited to §§ 3161(h)(B)(i) and (iv) as reasons for the continuance.  The Court scheduled the trial date for July 31, 2006.

On July 13, 2006, AUSA Butler filed a Motion to Continue [DE 60], stating that his mother-in-law had died and he needed to take an extended leave for two weeks.  He sought a continuance based on continuity of counsel and the ends of justice.  Judge Rodovich granted the Motion [DE 61] on July 17, 2006.  The Order again mistakenly cited to §§ 3161(h)(1)(A) (delay from any proceeding to determine mental competency or physical capacity of defendant) and 3161(h)(3)(A) (delay from absence or unavailability of defendant or essential witness) as reasons for the continuance.  The trial was then set for August 28, 2006.

On August 1, 2006, Defendant Bennett filed a Motion to Continue [DE 62], stating that her counsel had another matter scheduled for trial the same day as her trial.  Judge Rodovich granted the Motion [DE 63] on August 4, 2006, incorrectly citing §§ 3161(h)(1)(A) (delay from any proceeding to determine mental competency or physical capacity of defendant) and

4

3161(h)(3)(A) (delay from absence or unavailability of defendant or essential witness) as reasons for the continuance. The trial date was scheduled for November 13, 2006.

On November 8, 2006, the government filed a Motion to Continue [DE 87]. The Motion stated that on November 7, 2006, Butler requested that he be removed from the case and that another AUSA be appointed. The government sought a continuance because it "will need additional time for a new AUSA to adequately review this case and prepare the matter for trial." It relied upon § 3161(h)(8)(B)(iv) as grounds for the continuance. The Court orally granted the Motion on November 9, 2006, and set the new trial date for November 28, 2006. [DE 90].

Defendants Loera and Bennett filed Motions to Dismiss their indictments on November 20, 2006. They argue that four periods of delay should not have been excluded in computing the time limits under the Speedy Trial Act: (1) period from November 14, 2005 (a scheduled trial date) through January 5, 2006 (date when Bennett filed Motion to Continue); (2) January 30, 2006 (scheduled trial date) through June 5, 2006 (scheduled trial date); (3) July 13, 2006 (date when government filed Motion to Continue) through August 1, 2006 (date when Bennett filed Motion to Continue); and (4) November 8, 2006 (date when government filed Motion to Continue) through November 28, 2006 (scheduled trial date).

The Court agrees that the period from January 30, 2006 through June 5, 2006 was improperly excluded from the speedy trial computation. Because this continuance exceeded the maximum 70-day delay provided in § 3161(c)(2), the Court must dismiss the case against Defendants. *See* § 3162(a)(2). The remaining disputed delays, however, were properly excluded.

5

## II.  DISCUSSION

The Speedy Trial Act "generally requires a trial to begin within 70 days of the filing of an information or indictment or the defendant's initial appearance[.]"  *Zedner v. United States*, 126 S. Ct. 1976, 1983 (2006) (citing 18 U.S.C. § 3161(c)(1)).  Nevertheless, the Act also provides a "long and detailed list of periods of delay that are excluded in computing the time within which trial must start."  *Id.* (citing § 3161(h)).  One such provision at issue in this case is § 3161(h)(8)(A).  This subsection provides that the following period of delay is excluded from computing the time within which the trial must begin:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

*Id.*  However, this period is not excludable unless:

> the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

*Id.*  In determining whether the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial, courts need to consider several factors.

The factors laid out in § 3161(h)(8)(B)(i) and (iv) are the most salient to the discussion here.  Section 3161(h)(8)(B)(i) informs that courts should consider "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding

impossible, or result in a miscarriage of justice." 3161(h)(8)(B)(iv) states that courts should also consider:

> [w]hether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), . . . would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant, or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

§ 3161(h)(8)(B)(iv).

## A. The Court Properly Excluded Three Periods of Delay from Speedy Trial Calculations.

The Court first addresses Defendants' allegations that three periods of delay in the case were improper. Defendants cite *Zedner v. United States*, 126 S. Ct. 1976 (2006), as support that courts must provide their reasons for finding that the ends of justice served by a continuance outweigh the best interests of the public and defendant in a speedy trial at the time the continuance is granted. (Loera Mem. at 7.) But that is not the case. Ideally, a district court should make its findings when it grants the continuance. *See Zedner*, 126 S. Ct. at 1989 n.7. But it is not required. Rather, the Supreme Court held:

> Although the Act is clear that the findings must be made, if only in the judge's mind, before granting the continuance (the continuance can only be "granted . . . on the basis of [the court's] findings"), the Act is ambiguous on precisely when those findings must be "se[t] forth, in the record of the case." However this ambiguity is resolved, at the very least the Act implies that those findings must be put on the record by the time a district court rules on a defendant's motion to dismiss under § 3162(a)(2).

*Id.* at 1989 (alterations in original). The Court therefore finds that it now can make the appropriate findings regarding why the granting of the three disputed continuances were proper

7

under § 3161(h)(8)(A).  Similarly, the Court also finds that it can rectify any incorrect citations to § 3161(h) in the Courts' orders granting the continuances.

First, Defendants complain about the period of delay between November 14, 2005 and January 5, 2006.  The AUSA was unable to participate in Defendants' trial scheduled for November 14 because of another trial commitment in the Northern District of Illinois.  Magistrate Judge Rodovich granted the government's request for a continuance pursuant to § 3161(h)(8)(A) but failed to cite any reasons.  This Court now finds that the continuance was proper under § 3161(h)(8)(A) to provide the government with "continuity of counsel" as provided by § 3161(h)(8)(B)(iv).

Second, Defendants complain about the period of delay from July 13, 2006 through August 1, 2006.[2]  The AUSA sought a continuance because his mother-in-law had died and he needed to take leave for two weeks.  The Magistrate Judge's Order granting the continuance incorrectly cited §§ 3161(h)(1)(A) and 3161(h)(3)(A) as grounds for the continuance.  The Court finds that this period of delay was proper pursuant to § 3161(h)(8)(A).  Specifically, granting the continuance served the ends of justice and outweighed the interest in a speedy trial because otherwise the Government would unreasonably be denied continuity of counsel.  *See* § 3161(h)(8)(B)(iv).

Next, Defendant Bennett filed a Motion to Continue on August 1, 2006 because her counsel was unavailable for the August 28 trial date.  The Magistrate Judge granted the Motion

---

[2] The period of delay is actually much shorter than what Defendants allege.  Judge Rodovich, on motion by Loera on June 7, 2006, had granted a continuance on June 19, 2006 and set the trial for July 31, 2006.  Thus, the period of delay should start only on July 31, 2006 – not on July 13 when the AUSA filed his Motion to Continue.  The period of delay then ends on August 1, 2006 when Defendant Bennett filed her Motion to Continue.

8

on August 4, 2006.  Although Defendants do not claim that the grant of the continuance was improper, the Court wrongly cited §§ 3161(h)(1)(A) and 3161(h)(3)(A) as reasons for the continuance.  The Court now finds that granting Defendant Bennett's request for a continuance was proper pursuant to § 3161(h)(8)(A) – in particular, because otherwise she would be unreasonably denied of continuity of counsel (under § 3161(h)(8)(B)(iv)) and it would likely make the continuation of the proceeding impossible (under § 3161(h)(8)(B)(i)).

Finally, Defendants argue that the period of delay between November 8, 2006 through November 28, 2006 was improperly excluded.  The government sought a continuance on November 8, 2006 because it needed to appoint a new AUSA, who then would need time to prepare for trial.  The Court orally granted the continuance on November 9, 2006.  The Court now finds that this continuance was necessary under § 3161(h)(8)(A) – the ends of justice served by the granting of the continuance outweighed the best interests of the public and Defendants in a speedy trial.  Otherwise, the government would be denied reasonable time necessary for effective preparation pursuant to § 3161(h)(8)(B)(iv) and it would likely make the continuation of the proceeding impossible pursuant to § 3161(h)(8)(B)(i).

Based on the above discussion, the Court finds that the allegedly improper periods of delay were in fact appropriate and necessary.

**B.     The Five-Month Delay from January 30, 2006 through June 5, 2006 Violated the Speedy Trial Act.**

Although the periods of delay discussed above did not violate the Speedy Trial Act, the period of delay between January 30, 2006 and June 5, 2006 did.  The AUSA's reasons for requesting the continuance during this period was that discovery in this case impacted another ongoing investigation.  All three parties appeared to request the continuance, although the

9

certificate of service does not reflect that Defendants received an unsealed version of the motion. Defendants were then released, apparently in exchange to agreeing to the continuance. The Magistrate Judge's Order granting the continuance incorrectly cited to §§ 3161(h)(1)(A) (delay from any proceeding to determine mental competency or physical capacity of defendant) and 3161(h)(3)(A) (delay from absence or unavailability of defendant or essential witness).

       The Court finds that the granting of this continuance was improper. The delay of five months caused by the government's reluctance to hand over discovery because of its impact on other investigations, or by the potential or continuing cooperation by Defendants are not recognized exceptions under § 3161(h). The government has not provided any support, or even argued, to the contrary. Indeed, the government did not respond to the Motions to Dismiss filed by Defendants. The Court understands that it has a certain amount of discretion in deciding whether to continue trials for specific reasons. *See Zedner*, 126 S. Ct. at 1984 ("This provision [Section 3161(h)(8)] gives the district court discretion – within limits and subject to specific procedures – to accommodate limited delays for case-specific needs."). However, this discretion is confined by the Speedy Trial Act, and the Court cannot justify this delay from a plain reading of the statute.

       When the government brings an indictment, it has to be prepared to bring the case to trial. Although the delays in bringing a case to trial can, and frequently do, occur, those delays must be justified under the Speedy Trial Act. The failure to turn over discovery because of a concern that such a revelation will have an impact on other pending investigations is simply not a justifiable reason to delay a trial under the Speedy Trial Act. Sometimes hard choices have to be made. If bringing an indictment results in the compromise of a larger or more important

10

investigation, then the government has the option to not bring the case in the first instance. But once a case is brought, any delays in the trial must be justified under the Speedy Trial Act. This is because the right to a Speedy Trial is not just the defendant's or the government's right; it is a public right as well. The Speedy Trial Act makes it such with its repeated references to the "best interest of the public." 18 U.S.C. § 3161(h)(8)(A).

For the same reason, a defendant's consent to a continuance is neither here nor there. As the Supreme Court has stated:

> [t]he purposes of the [Speedy Trial] Act [] cut against exclusion on the grounds of mere consent or waiver. If the Act were designed solely to protect a defendant's right to a speedy trial, it would make sense to allow a defendant to waive the application of the Act. But the Act was designed with the public interest firmly in mind.

*Zedner*, 126 S. Ct. at 1985 (citing § 3161(h)(8)(A)). The Act thus precludes agreement by all parties to continue a trial as an adequate reason for a delay. Accordingly, the criminal case against Defendants must be dismissed.

The Court now must decide whether the dismissal is with or without prejudice. "In making that choice, the court must take into account, among other things, 'the seriousness of the offense; the facts and circumstances which led to the dismissal; and the impact of a reprosecution on the administration of [the Act] and on the administration of justice.'" *Id.* (citing § 3162(a)(2)) (alteration in original). The Court finds that the drug offenses allegedly committed by Defendants (conspiracy to possess a large quantity of cocaine with intent to distribute and possession with intent to distribute) are undeniably serious and can result in substantial prison time for Defendants if convicted. *See United States v. Perez*, No. 00 CR 211, 2002 WL 1461504, at *4 (N.D. Ill. July 3, 2002) ("There are some crimes, such as narcotics offenses, that

11

courts generally consider 'serious' for purposes of the Act.") (citing *United States v. Regilio*, 669 F.2d 1169, 1173 (7th Cir. 1981).  This factor thus favors dismissal without prejudice.

Second, the circumstances leading to the delay at issue are not the fault of either the government or Defendants.  Apparently, all three parties believed that Defendants' agreement to the continuance in exchange for their release was proper at the time of the filing of the Motion to Continue.  Although the parties were wrong, they did not intentionally mislead the Court in order to obtain the continuance.  Furthermore, even though the five-month delay was lengthy, that by itself does not require a dismissal with prejudice.  *See United States v. Arango*, 879 F.2d 1501, 1508 (7th Cir. 1989); *United States v. Carreon,* 626 F.2d 528, 532 (7th Cir. 1980).  Defendants have also not shown actual prejudice from the delay.  Specifically, they have "not demonstrated how the delay affected [their] ability to defend [themselves] or substantially impair any of [their] 'intangible rights.'" *Arango*, 879 F.2d at 1508 (citing *United States v. Taylor*, 487 U.S. 326, 340-41 (1988).  In fact, as noted, due to the continuance, Defendants were released from jail.  The Court of course understands that being charged with a crime, even if free on bail, makes it difficult to find work, to earn money and simply to move on with one's life.  *See United States v. Taylor*, 487 U.S. at 340-41.  But as stated, Defendants do not assert any specific prejudice that they suffered.

Defendants nevertheless complain that several of the continuances were due to the fact that the AUSA failed to turn over discovery.  The Court acknowledges that the government failed to properly produce discovery in a timely fashion.  But this was not because of bad faith, neglect, or an attempt to gain a tactical advantage by the government.  *See id.* at 339 (1988) (noting that findings of bad faith or a pattern of neglect may support a dismissal with prejudice

12

under 18 U.S.C. § 3162(b)); *United States v. Perez*, 2002 WL 1461504, at *5. Rather, the government was attempting to prevent the exposure of an ongoing investigation. As noted earlier, it was a mistake to believe this was a proper reason to delay a trial, but a mistake is not evidence of bad faith, neglect, or an attempt to gain a tactical advantage over Defendants.

Finally, the Court must consider the impact of a re-prosecution on the administration of the Speedy Trial Act and on the administration of justice. Re-prosecution of this case will not adversely impact the administration of the Act or of justice. As noted above, Defendants do not show that they were prejudiced by the delay. Moreover, the government did not intentionally act in bad faith or inexcusably neglect the case. Thus, the Court need not punish the government by dismissing the case with prejudice. Dismissal, even without prejudice, will provide the government sufficient incentive in the future to move criminal cases along even if other investigations are dependant on a particular case. While future similar violations of the Speedy Trial Act may be treated differently by the Court, the Court finds that the step of dismissal with prejudice is not justified on this occasion. *See United States v. Fountain*, 840 F.2d 509, 513 (7th Cir. 1988). Thus, the third factor that this Court must consider – the impact of a re-prosecution on the administration of the Act and of justice – also favors a dismissal without prejudice.

13

### III.  CONCLUSION

For the foregoing reasons, the Court now **GRANTS** Defendant Loera's Motion to Dismiss [DE 91] and Defendant Bennett's Motion to Dismiss [DE 93].  The criminal case against Defendants is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

ENTERED: December 4, 2006

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
